UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY LEWIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:10 CV 748 RWS |
| | ) |
| AL LUEBBERS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before me on Petitioner Larry Lewis' petition for writ of habeas corpus pursuant to 28 U.S. C. § 2254. I referred this matter to United States Magistrate Judge Nannette A. Baker for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On August 16, 2013, Judge Baker filed her recommendation that Lewis' habeas petition should be denied. Instead of filing objections to Judge Baker's report, Lewis filed an appeal with the United States Court of Appeals for the Eighth Circuit. On September 4, 2013, the Court of Appeals dismissed Lewis' appeal because the appeal had been filed prematurely. I granted Lewis additional time to file objections to Judge Baker's report and he has done so. I have conducted a *de novo* review of Lewis's claims and have carefully reviewed the record in this case. Based on that review, I agree with Judge Baker that Lewis's petition should be denied.

The following information is taken from the record in this case and also

repeated in Judge Baker's report. Lewis is an inmate at the Farmington Correctional Center in St. Francis, Missouri. In June 2006, a "lock in a sock" weapon was found in Lewis's cell by a corrections officer. Lewis admitted that the weapon was his at the time it was found and again during a conduct violation administrative hearing at the prison. Lewis was brought to trial and convicted for delivering or concealing prohibited items at a correctional facility. Lewis's statements of ownership of the weapon were admitted into evidence and the jury found him guilty. Lewis was sentenced to twenty-five years of incarceration as a prior and persistent offender.

Lewis filed a direct appeal challenging the admission of his statements of ownership. He also filed a post-conviction motion asserting that his trial counsel was constitutionally ineffective in his opening statement and for eliciting, during cross-examination, that a correctional officer believed Lewis may have previously assaulted another inmate. The Missouri state courts denied his direct appeal and his post-conviction motion and appeal.

In his habeas petition, Lewis asserted ten grounds for relief which include the grounds stated above. In his reply brief he abandoned four of these claims. His claims that his statements of ownership of the weapon were improperly admitted into evidence and his claim regarding his counsel's opening statement and his cross-examination of the correction's officer were thoroughly reviewed by the state courts. I agree with Judge Baker's conclusion that these claims fail on

the merits for the reasons stated in her report. I also agree with Judge Baker's conclusion that Lewis's remaining three grounds for relief are procedurally barred from review in this Court because he failed to exhaust them in his state court proceedings.

Moreover, these remaining three claims fail on their merits. These three claims are as follows:

*Mental Health Issues*

Lewis claims he has mental health issues and that his trial counsel failed to obtain his metal health records from the Department of Corrections and assert a diminished capacity defense.[1] Lewis argues his attorney should have asserted that Lewis's mental health issues prevented him from forming the requisite intent to possess a weapon in prison and prevented Lewis from assisting in his defense or from understanding the charges against him. Yet Lewis fails to allege that he in fact did not understand that he possessed a weapon or that he did not understand the charges against him or that he could not aid in his defense. He simply states that his counsel was constitutionally ineffective for failing to raise these issues.

In support of this claim Lewis attached prescription medications from

---

[1] In his reply brief, Lewis abandoned his claim that the state violated his due process rights by failing to turn over his mental health records held by the Department of Corrections. Lewis concedes that these records were equally available to him upon his request to the Department of Corrections. [Doc. # 32 at 21]

August 27, 2007 which post-date his trial. [Doc. # 32, Ex. A-A2] This evidence does not establish what medications Lewis was taking before and during his trial. Lewis also submitted handwritten notes on a piece of lined paper which state that his "current diagnosis" on February 25, 2009 (one-and-a-half years after his trial) is "Schizo disorder" and his diagnosis on December 29, 2000 (seven years before his trial) was "Paranoid Schizophrenia." These hand written notes are not identified in any way or authenticated as official medical documents. Nor do they establish Lewis's mental health condition at the time of his conduct violation through the date of his trial. Lewis has failed to offer any evidence (submissible or otherwise) which establish his mental health issues and the medications he was taking during this relevant time period. Nor does he offer any evidence that his mental health condition was not effectively being treated during this time. His allegations are purely conclusory and insufficient to support a claim for habeas relief.

*Double Jeopardy*

Lewis also asserts that his rights under the Double Jeopardy Clause of the Fifth Amendment were violated because he was punished twice for the same "lock in a sock" conduct violation. He received four months in disciplinary segregation for the conduct violation and was also criminally prosecuted and received a twenty-five year prison sentence. This claim is without merit. It is well established that prison disciplinary proceedings "do not place an offender in

jeopardy for purposes of the double jeopardy clause" based on a separate criminal prosecution for the same offense. Kerns v. Parratt, 672 F.2d 690, 691 (8th Cir. 1982).

*Jury Strikes*

Finally, Lewis contends that his trial counsel was constitutionally ineffective for failing to use his peremptory challenges against jurors 25, 37, 42. These three jurors were acquainted with Corrections Officer Leslie Semar who was a witness in the case. Officer Semar testified that he was the officer who conducted Lewis's administrative hearing. He testified that when he read out the charge against Lewis, Lewis spontaneously said "I'm guilty. No big deal." These three jurors knew the witness to varying degrees.[2] Lewis's counsel questioned juror 37 and 42 about their relationship with Semar. The trial judge also questioned juror number 37 about his ability to be fair and impartial. All three jurors stated that they could be fair and impartial in weighing the evidence.

Based on the overwhelming evidence that Lewis admitted to ownership of the "lock in the sock", he has not established that the result of the trial would have

---

[2] Juror number 25 met Semar when he came to an office and asked for donations to a golf tournament. Juror number 37 worked with Semar as a corrections officer and was friends with Semar. Juror number 42 said that Semar was "once a brother-in-law to a good friend of mine" and that he hunted with Semar a few times. [Doc. # 11, Ex. 1 at 48-49] Interestingly, when juror number 42 was asked if Semar tells the truth a lot, number 42 said, "Not completely." [Id. at 49]

been different if these jurors had been subjected to peremptory strikes by Lewis's trial counsel. As a result, he fails to establish prejudice from his counsel's failure to use peremptory strikes against these jurors.

*Certificate of Appealability*

I have considered whether to issue a certificate of appealability in this matter. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Lewis has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Baker's report and recommendation filed on August 16, 2013 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Larry Lewis's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

/s/ Rodney W. Sippel
_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2014.